UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. SINGH,<br><br>Petitioner,<br><br>v.<br><br>J. ROBERTSON, Warden,<br><br>Respondent. | Case No. 18-cv-07622-YGR (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION; DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT; DIRECTIONS TO CLERK** |

## I. INTRODUCTION

Petitioner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and raising eleven claims. Respondent has filed a motion to dismiss five of Petitioner's eleven claims as unexhausted. Dkt. 9. In response, Petitioner has filed a motion to amend his petition and delete the five unexhausted claims. Dkt. 16. Petitioner has also filed his amended petition containing the remaining exhausted claims. Dkt. 19.

## II. BACKGROUND

A jury found Petitioner guilty of two counts of first degree murder with special circumstances of lying in wait and multiple murder, and it also found true multiple personal use of a firearm enhancement allegations as to both counts. Resp't Ex. 1 at 1. The trial court sentenced Petitioner to life without the possibility of parole consecutive to 50 years to life. *Id.*

Petitioner appealed and filed a state habeas petition in the state appellate court. Resp't Exs. 1 & 2. On October 2, 2017, the state appellate court denied the habeas petition. Resp't Ex. 3. The state appellate court decided the direct appeal on the same day in an unpublished decision upholding the murder convictions and special circumstance enhancements, and reversing and remanding the matter to the trial court for resentencing to strike firearm enhancements under California Penal Code § 12022.53(d) and (e) and impose the previously stayed firearm enhancements under California Penal Code § 12022.53(c). Resp't Ex. 1.

On October 31, 2017, the state appellate court issued an order modifying its opinion with no change in the judgment and denying rehearing. Resp't Ex. 4.

Petitioner filed petitions for review of the appeal and the denial of the habeas petition in the California Supreme Court. Resp't Exs. 5 & 6. On January 17, 2018, the state supreme court denied review of the denial of the habeas petition. Resp't Ex. 7. On the same day, the state supreme court granted review and remanded to the state appellate court with directions to vacate its decision and further consider the cause in light of California Senate Bill 620. Resp't Ex. 8.

On February 26, 2018, the state appellate court again affirmed the convictions and special circumstance enhancements but reversed and remanded for to the trial court for resentencing to strike the California Penal Code § 12022.53(d) and (e) enhancements and to consider exercising its discretion to strike the previously stayed California Penal Code § 12022.53(c) enhancements.[1] Resp't Ex. 9.

On June 19, 2018, the trial court struck the California Penal Code § 12022.53(d) and (e) enhancements, imposed the previously stayed California Penal Code § 12022.53(c) enhancements and resentenced Petitioner to life without parole consecutive to 40 years. Resp't Ex. 10.

On December 19, 2018, Petitioner filed a timely petition in this Court alleging eleven claims. Dkt. 1.

On February 26, 2019, this Court issued an order to show cause. Dkt. 6.

### III. DISCUSSION

#### A. Pending Motions

Respondent has filed a motion to dismiss the petition on the grounds that Petitioner has failed to exhaust state remedies with respect to five of his eleven claims. Dkt. 9. In response, Petitioner has filed a motion seeking leave to file an amended petition that omits the five unexhausted claims. Dkt. 16. Petitioner has also filed his amended petition, which includes the remaining exhausted claims. Dkt. 19.

---

[1] The state appellate court incorporated the modifications made in its order dated October 31, 2017 into this decision.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c). Before a petitioner may challenge either the fact or length of his confinement in a habeas petition in this Court, he must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See id.*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Here, both Petitioner and Respondent agree that five of the eleven claims were not presented to the state supreme court in either the state post-conviction or collateral proceedings. See Dkts. 9, 16. The Court's review of the state court pleadings confirm that these five claims are not exhausted. *See* Resp't Exs. 5 at 9-10, 26-58 & 6 at 8-9, 25-52. Accordingly, the Court GRANTS Petitioner's motion for leave to delete his five unexhausted claims (dkt. 16). *See Rose*, 455 U.S. at 520 (petitioner can always amend the petition to delete the unexhausted claims rather than returning to state court to exhaust all claims). The five unexhausted claims are DISMISSED without prejudice for failure to exhaust,[2] and the amended petition, located at Docket No. 19, is the operative pleading. Respondent's motion to dismiss is DENIED as moot. Dkt. 9.

### B.     Order to Show Cause

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should

---

[2] The Court cautions Petitioner that in deleting his unexhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 154 (2007) (petitioner who elects to delete unexhausted claims and proceed to adjudication of exhausted claims may not later argue that a subsequent petition asserting the previously unexhausted, but now exhausted, claims is not "second or successive").

3

not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

It does not appear from the face of the amended petition that it is without merit. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's motion to amend the petition to delete the unexhausted claims is GRANTED. Dkt. 16. The five unexhausted claims are DISMISSED, and the amended petition, located at Docket No. 19, is the operative pleading. The Clerk of the Court is directed to file the document most recently filed by Plaintiff, which is labeled "Petition for a Writ of Habeas Corpus," and docket the aforementioned document as Petitioner's "Amended Petition." Dkt. 19. The Clerk is further directed to mark the amended petition as filed on October 18, 2019, the date it was received by the Court.

2. Respondent's Motion to Dismiss for Failure to Exhaust State Remedies is DENIED as moot. Dkt. 9.

3. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing § 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the amended petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing § 2254

4

Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. This Order terminates Docket Nos. 9 and 16.

IT IS SO ORDERED.

Dated: November 20, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge